ORIGINAL

FILED

E-filing

2010 NOV 18 P 2: 46

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

EDL

1   McNUTT LAW GROUP LLP
    MICHAEL A. SWEET (CSBN 184345)
2   DOUGLAS C. GRAHAM (CSBN 216870)
    188 The Embarcadero, Suite 800
3   San Francisco, California 94105
    Telephone: (415) 995-8475
4   Facsimile: (415) 995-8487

5   Attorneys for Plaintiffs

6

7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10

CV10      5244

11  GEEKNET, INC., a Delaware Corporation,          Case No.
    and VIDEOLAN, a French Not-for-Profit
12  association,                                    COMPLAINT FOR:

13              Plaintiffs,                          1. TRADEMARK INFRINGEMENT
                                                     2. CYBERPIRACY
14          vs.                                      3. UNFAIR COMPETITION
                                                     4. VIOLATION OF THE CALIFORNIA
15  TIGHTROPE INTERACTIVE, INC., a                   CONSUMER PROTECTION AGAINST
    Delaware Corporation,                           COMPUTER SPYWARE ACT
16
                Defendant.                           JURY TRIAL DEMANDED
17

18

19          Come now Plaintiffs, and allege as follows:

20                                  **PARTIES**

21          1.      Plaintiff Geeknet, Inc. ("Geeknet") is a Delaware Corporation in good standing,

22  qualified to do business in California and with its principal place of business in California.

23          2.      Plaintiff VideoLAN is a French not-for-profit association in good standing,

24  domiciled in France.

25          3.      Defendant Tightrope Interactive, Inc., ("Tightrope") is a Delaware Corporation, and

26  Plaintiffs are informed and believe, and thereon allege, that its principal place of business is in San

27  Francisco, California.

28

191475.1                                                                         COMPLAINT

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

5.      This Court has jurisdiction over the Defendant because it has its principal place of business within this District.

6.      Venue is proper in this District because Defendant has its principal place of business within this District.

**GENERAL ALLEGATIONS**

7.      VideoLAN is a not-for profit organization that creates and distributes software. It generally does so on an "open source" basis, meaning that others may distribute VideoLAN's software pursuant to the GNU General Public License.

8.      VideoLAN has created and distributed the software known as "VLC Media Player" ("VLC") and makes this program available for download via http://videolan.org ("videolan.org").

9.      A user seeking to download VLC is directed to http://sourceforge.net, a website run by Geeknet, Inc.  Geeknet receives advertising revenue arising from each download of VLC.

10.      VideoLAN uses the mark VLC extensively in marketing its product.  It has done so since 1998. The VLC mark is distinctive and famous.

11.      While Tightrope has registered the mark "VLC," VideoLAN is challenging that registration.

12.      On December 23, 2009, Tightrope Interactive, Inc. registered the domain name http://vlc.us.com ("vlc.us.com") and continues to operate the website.

13.      At vlc.us.com Tightrope makes available for download an outdated version of VLC.  Tightrope does not disclose that the version is outdated.

14.      Additionally, upon downloading VLC from vlc.us.com a user is prompted to install several unrelated programs – "Bing Toolbar," "WeatherBug," and "PRICEGONG."  Unless a user actively opts-out of these installations, the programs are installed on his/her computer as part of the VLC download.  The user may not realize that he/she is installing these additional and potentially malicious programs

191475.1

2

COMPLAINT

15.     One of the pieces of software foisted upon the user claims to be a "Bing Toolbar", a software program created by Microsoft Corporation.  However, in addition to installing a Bing Toolbar, a program entitled "Zugo Toolbar" is installed without the user's consent or knowledge. This program is far more malicious than any Bing software.

16.     In addition to these programs, the installer from vlc.us.com changes the "favorites" in the user's browser and adds shortcuts to the user's computer.  Links to "FREE GAMES!" and "1000 Free Songs!" are added.  This is done without the user's consent or knowledge.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement and Dilution)
### 15 U.S.C. 1125

17.     Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in all preceding Paragraphs

18.     15 U.S.C. 1125 provides:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities . . .

19.     Tightrope's use of the mark "VLC" in the marketing and distribution of its products in interstate commerce is likely to cause confusion for potential customers.

20.     Tightrope's use of the "VLC" mark on its website is a commercial advertisement and is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of its goods by another VideoLAN.

21.     By bundling other software with VLC, Tightrope is misrepresenting the nature,

1  characteristics and qualities of the VLC software.

2      22.    The plaintiffs are injured or are likely to be injured, by a direct diversion or a

3  lessening of goodwill.

4      23.    The actions of Tightrope have caused damage to VideoLAN and Geeknet in an

5  amount to be proven at trial.

6      24.    Tightrope's wrongful use of the VLC mark in commerce is likely to cause dilution

7  by blurring or dilution by tarnishment of the VLC mark.

8      25.    Plaintiffs seek injunctive relief pursuant to 15 U.S.C. 1125(c) enjoining Tightrope

9  from using the VLC mark in its domain name and other marketing and advertising.

**SECOND CLAIM FOR RELIEF**
**(Cyberpiracy)**
**15 U.S.C. 1125(d)**

12      26.    Plaintiffs hereby reallege, and incorporate by reference as though set fully forth

13  herein, the allegations contained in all preceding Paragraphs.

14      27.    15 U.S.C. 1125(d) provides in part:

15          (d) Cyberpiracy prevention.

16          (1)

17

18          (A) A person shall be liable in a civil action by the owner of a mark,
            including a personal name which is protected as a mark under this
19          section, if, without regard to the goods or services of the parties, that
            person—

20

21          (i) has a bad faith intent to profit from that mark, including a
            personal name which is protected as a mark under this section; and
22

23          (ii) registers, traffics in, or uses a domain name that—

24
            (I) in the case of a mark that is distinctive at the time of registration
25          of the domain name, is identical or confusingly similar to that mark;

26
            (II) in the case of a famous mark that is famous at the time of
27          registration of the domain name, is identical or confusingly similar
            to or dilutive of that mark . . .

28

28.    Plaintiffs are informed and believe, and thereon allege, that Tightrope's use of the mark "VLC" was with a bad faith intent to profit from the mark.

29.    Furthermore, at the time of Tightrope's the registration of the domain name, http://vlc.us.com, the domain name was essentially identical to the distinctive and famous VLC mark, and is confusingly similar to the VLC mark.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition)
### Cal. Bus. & Prof. Code §17200 *et seq.*

30.    Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in all preceding Paragraphs.

31.    By their wrongful conduct as alleged above, Tightrope engaged in unfair, deceptive and/or fraudulent business acts or practices in violation of California's unfair competition law, or "UCL (Business & Professions Code §§ 17200, *et seq.*)

32.    Tightrope derived economic benefit and profit from the violation of the UCL, which should be restored or disgorged to Plaintiffs.

33.    As a result of Tightrope's unfair actions as alleged herein, Plaintiffs have no adequate or complete remedy at law as Tightrope continues to engage in such unfair practices; therefore, Plaintiffs request that Tightrope, its agents, employees and those acting in concert with Tightrope be permanently enjoined from engaging in the unlawful practices, policies and customs as set forth herein.

34.    Pursuant to the remedies, procedures, and rights set forth in California Business and Professions Code § 17203, Plaintiffs pray for judgment and relief as set forth hereinafter.

## FOURTH CLAIM FOR RELIEF
### (California Anti-Spyware Act)
### Cal. Bus. & Prof. Code §22947 *et seq.*

35.    Plaintiffs hereby reallege, and incorporate by reference as though set fully forth herein, the allegations contained in all preceding Paragraphs.

36.    Cal. Bus. & Prof. Code §22947.2 provides in part:

> A person or entity that is not an authorized user, as defined in
> Section 22947.1, shall not, with actual knowledge, with conscious
> avoidance of actual knowledge, or willfully, cause computer

software to be copied onto the computer of a consumer in this state and use the software to do any of the following:

(a) Modify, through intentionally deceptive means, any of the following settings related to the computer's access to, or use of, the Internet:

(1) The page that appears when an authorized user launches an Internet browser or similar software program used to access and navigate the Internet.

(2) The default provider or Web proxy the authorized user uses to access or search the Internet.

(3) The authorized user's list of bookmarks used to access Web pages.

37.     By engaging in the above alleged conduct, including, but not limited to, changing a user's favorites links and adding icons to their computer, Tightrope has violated Cal. Bus. & Prof. Code §22947.2.

38.     Tightrope further violated this section by deceptively installing the software alleged above.

39.     Cal. Bus. & Prof. Code §22947.4 provides in part:

(a) A person or entity, who is not an authorized user, as defined in Section 22947.1, shall not do any of the following with regard to the computer of a consumer in this state:

(1) Induce an authorized user to install a software component onto the computer by intentionally misrepresenting that installing software is necessary for security or privacy reasons or in order to open, view, or play a particular type of content.

(2) Deceptively causing the copying and execution on the computer of a computer software component with the intent of causing an authorized user to use the component in a way that violates any other provision of this section.

40.     By engaging in the above alleged conduct, including, but not limited to, changing a user's favorites links and adding icons to their computer, Tightrope has violated Cal. Bus. & Prof. Code §22947.4.

41.     Tightrope further violated this section by deceptively installing the software alleged above.

42.     Plaintiffs have been damaged by the Tightrope's violation of these statues in that

1 | potential customers of Plaintiffs have been led to believe that Plaintiffs' products are also

2 | malicious and violative of this section.

3 |      43.     The actions of Tightrope have caused damage to VideoLAN and Geeknet in an

4 | amount to be proven at trial.

5 | **PRAYER**

6 | WHEREFORE, PLAINTIFF'S PRAY FOR RELIEF AS FOLLOWS:

7 |      1.     Damages according to proof;

8 |      2.     Statutory damages and penalties;

9 |      3.     An order enjoining Defendant from continuing to use the mark VLC, the domain

10 | name http://vlc.us.com;

11 |      4.     An order enjoining Defendant from continuing to engage in unfair competition;

12 |      5.     An order enjoining Defendant from continuing to infringe on Plaintiff(s)'

13 | trademark(s);

14 |      6.     An order enjoining Defendant from continuing to violate the California Anti-

15 | Spyware act;

16 |      7.     Attorneys fees as provided by statute;

17 |      8.     Costs of suit;

18 |      9.     Any further relief the Court finds appropriate.

19 | Dated: __11/18__, 2010     McNUTT LAW GROUP LLP

20

21 | By: _____

22 |      Michael A. Sweet

     Attorneys for Plaintiffs

23

24

25

26

27

28

191475.1

7

COMPLAINT